# IN THE SUPREME COURT OF THE STATE OF DELAWARE

MARK K. WATERS, §
§ No. 149, 2014
Defendant Below, §
Appellant, § Court Below–Superior Court of
§ the State of Delaware in and for
v. § New Castle County
§
STATE OF DELAWARE, §
§
Plaintiff Below, § Cr. ID No. 1007015812
Appellee. §

Submitted: July 25, 2014
Decided: September 25, 2014

Before **STRINE**, Chief Justice, **HOLLAND**, and **VALIHURA**, Justices.

## O R D E R

This 25th day of September 2014, upon consideration of the parties' briefs and the Superior Court record, it appears to the Court that:

(1)    On March 29, 2011, the appellant, Mark K. Waters, pled guilty to Aggravated Menacing, Endangering the Welfare of a Child, and Possession of a Deadly Weapon by a Person Prohibited. On June 17, 2011, the Superior Court sentenced Waters to a total of nine years at Level V, suspended immediately for six months at Level IV work release followed by eighteen months at Level III in mental health and substance abuse treatment, followed by decreasing levels of supervision.

(2) On September 1, 2011, less than three months after Waters' sentencing, the Department of Correction ("DOC") filed an administrative warrant charging Waters with his first violation of probation ("VOP"). Waters was found guilty of VOP and was resentenced to a period of incarceration followed by probation. As special conditions of the sentence, the Superior Court required mental health treatment at every level of supervision, monitoring for substance abuse treatment, and "zero tolerance" for noncompliance with treatment.

(3) Thereafter, Waters was found guilty of his second, third and fourth VOPs in February 2012, November 2012 and April 2013, respectively, and was resentenced each time to a period of incarceration followed by probation. As special conditions of each of the sentences, the Superior Court continued to require mental health treatment at every level of supervision, monitoring for substance abuse treatment, and "zero tolerance" for noncompliance with treatment.

(4) On October 31, 2013, DOC filed an administrative warrant charging Waters with a fifth VOP. On November 14, 2013, the Superior Court did not find Waters guilty of VOP but modified the prior VOP sentence to require that Waters remain at Level V until a bed became available in out-patient transitional housing after which Waters would continue treatment in out-patient mental health treatment as previously ordered.

2

(5) On February 10, 2014, DOC filed an administrative warrant charging Waters with his sixth VOP. On March 6, 2014, the Superior Court found that Waters had committed a VOP and resentenced him to a total of five years and six months at Level V suspended after three years and six months for six months at Level III. The sentence order notes that Waters did not want to participate in Key and Crest substance abuse treatment at Levels V and IV but wanted to do "straight [L]evel 5 time." The order also notes that Waters "SHOULD BE EVALUATED PROMPTLY TO INSURE HE IS RECEIVING APPROPRIATE MENTAL HEALTH MEDS" and that, at Level III, Waters "shall receive outpatient substance and mental health treatment and follow all treatment recommendations and take meds as prescribed."

(6) Waters has appealed his March 6, 2014 conviction and sentence for VOP. In his opening brief on appeal, Waters contends that the sentence is "not fair," and that the judge "should have . . . been a little bit more considerate of the . . . . circumstances." His contentions are not supported by the record and are without legal merit. Even in the absence of a transcript of the underlying proceeding, which Waters appears to have ordered for the appeal but did not make financial arrangements to pay for, the sentence order included in the record reflects that the judge gave thoughtful consideration to Waters' circumstances and imposed an appropriate sentence.

3

(7)     The Court's appellate review of a sentence generally is limited to whether the sentence exceeds the statutory limits.[1] "[O]nce a defendant violates the terms of his probation, the Superior Court has the authority to require a defendant to serve the sentence imposed, or any lesser sentence."[2] A subsequent VOP sentence cannot exceed the term that a prior VOP sentence left suspended.[3] In this case, because the sentence imposed on November 14, 2013 for Waters' fifth VOP imposed seven years at Level V suspended after six months for probation, the Superior Court was authorized to impose five years and six months at Level V suspended after three years and six months for probation when sentencing Waters for his sixth VOP on March 6, 2014.

NOW, THEREFORE, IT IS ORDERED that the judgment of the Superior Court is AFFIRMED.

BY THE COURT:

/s/ Randy J. Holland
Justice

---

[1] *Mayes v. State*, 604 A.2d 839, 842 (Del. 1992).

[2] *State v. Sloman*, 886 A.2d 1257, 1260 (Del. 2005) (citing 11 *Del. C.* § 4334(c)).

[3] *Pavulak v. State*, 880 A.2d 1044, 1045-46 (Del. 2005).

4